### COMMONWEALTH *vs.* EZEKIEL ADAMS.

An indictment, which charges the defendant with being a common seller of spirituous and intoxicating liquors from a day named "to the day of the finding, presentment and filing of this indictment," is fatally indefinite.

THIS indictment, which purported by its caption to have been presented at the court of common pleas, begun and holden at Springfield on the first Monday (being the fourth day) of December 1854, and appeared, by a memorandum indorsed upon it by the clerk, to have been filed on the 10th of said December, averred that the defendant at Holyoke on the 1st of December 1853, " and at said Holyoke on divers days and times between said last mentioned day and the day of the finding, presentment and filing of this indictment," was a common seller of spirituous and intoxicating liquors. The defendant, after verdict of guilty, moved in arrest of judgment, on the ground that the time of the commission of the offence was not set forth with sufficient certainty. *Sanger,* J. overruled the motion, and the defendant alleged exceptions.

*E. W. Bond,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

BIGELOW, J.  It is settled that, in cases like the present, where the offence consists of a series of acts which, taken together, constitute a criminal practice or occupation, time enters into the essence of the offence, fixes its identity, and is a material element in its description.  Upon the well settled rule of criminal pleading, it must therefore be alleged with certainty and precision in the indictment, and the proof must be confined to acts done within the time charged.  *Commonwealth* v. *Pray,* 13 Pick. 364.  *Commonwealth* v. *Briggs,* 11 Met. 573.  *Commonwealth* v. *Elwell,* 1 Gray, 463.  Applying this rule to this indictment, it is clear that the averment of time is defective.  It alleges that the defendant was a common seller of spirituous and intoxicating liquor on the first day of December 1853, and on divers days and times between that day and " the day of the finding, presentment and filing of this indictment."  The last allegation is wholly uncertain and indefinite.  It fixes no time by which the proof of the offence can be limited with precision.  The day of the finding and presentment is not necessarily, nor by any reasonable intendment, identical with the day of the filing of the indictment.  They are separate and distinct acts, performed by two distinct and separate agencies.  The former is the act of the grand jury; the latter is the duty of the clerk.  They cannot be simultaneous, nor is it necessary that the one should take place within any fixed or certain time after the other.  Indeed, in ordinary practice, they often occur on different days.  It was therefore impossible to ascertain with accuracy within what limits the charge alleged in the indictment was intended to be confined.  If the allegation had been that the offence was committed between a day named and the day of finding the indictment, this would have been sufficiently certain.  *Commonwealth* v. *Wood,* *ante,* 15.  But the offence being charged as having been committed between a day named and the day of finding and filing, and as these acts may not, and usually do not, take place on the same day, the allegation of time is uncertain.  We are therefore of opinion that the indictment is defective.

*Judgment arrested.*